# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHELSEA MODESTE, | : | Case No. 3:18-cv-00120 |
| Plaintiff, | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| GOOD SAMARITAN HOSPITAL, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Chelsea Modeste is a resident of Dayton, Ohio. She brings this case *pro se* alleging that she did not receive proper medical care when she visited the emergency room at Miami Valley Hospital in November 2017. She also alleges that on a separate occasion, she visited Good Samaritan Hospital where she was incorrectly diagnosed and, as a result, she began taking prescription medicine she did not need.

The Court previously granted Plaintiff's Motion to Proceed *in forma pauperis* under 28 U.S.C. § 1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler*

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

*v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

A Complaint is also subject to dismissal when it fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (internal quotation marks omitted). Pro se Complaints must satisfy this plausibility standard. *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013). "Under this plausibility standard, the well-pleaded facts must permit more than the mere possibility of misconduct, they must show that the pleader is entitled to relief. A complaint that pleads facts that are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting, in part, *Iqbal,* 556 U.S. 678). When assessing a *pro se* Complaint under these standards, the Court accepts its allegations as true and liberally construes it in the plaintiff's favor. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

Plaintiff asserts that when she went to Miami Valley Hospital's emergency room in November 2017, they treated her with antibiotics without testing her for anything. They told her she "had an STD" and that she needed to inform her sexual partner. But,

2

they did not specify which STD [she] had." (Doc. #2, *PageID* #20). Plaintiff encountered further problems when she went to Good Samaritan Hospital. She explains:

> I … developed a very severe yeast infection and visited Good Samaritan Hospital the following day[.] [T]hey examined my genital area and diagnosed me with genital herpes. I then informed my partner. I also made a follow[-]up appointment with my OB and he performed a blood test in which they discovered I did not have the disease. I also had been taking medication prescribed by the hospital for this disease in which I did not have. What the blood test revealed was that I just had it in the lips and I was informed that this disease was only transferable if I developed a cold sore in which I did not have.

(Doc. #2, *PageID* #20).

Plaintiff's Complaint does not identify the relief she seeks, but the Civil Cover Sheet she completed and signed indicates that she seeks $500,000. (Doc. #1, *PageID* #8). Her Civil Cover Sheet also indicates that she seeks to invoke the Court's federal-question jurisdiction. *Id*. And, where her Civil Cover sheets asks for a "[b]rief description of cause," Plaintiff wrote, "Negligence." *Id*.

Accepting Plaintiff's factual allegations as true and construing her *pro se* Complaint liberally in her favor, *see Williams*, 631 F.3d at 383, reveals that it fails to raise a plausible federal claim. The applicable federal statute, 42 U.S.C. § 1983, requires Plaintiff to allege sufficient facts to show that a defendant, while operating under the color of state law, deprived her of a right secured by the Constitution or laws of the United States. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729 (1978); *see Sumpter v. Wayne County*, 868 F.3d 473, 494 (6th Cir. 2017). Rather than implicating a violation of Plaintiff's federal rights, her allegations identify matters related to state-law torts of medical malpractice or negligence. This is seen in her allegations that (1) she

was misdiagnosed with an STD without undergoing any medical testing; (2) she was prescribed and took medication she did not need; (3) she was incorrectly instructed by hospital personnel to inform her sexual partner that she had an STD; and (4) she later learned that she did not have the disease and that it could spread only if she developed a cold sore, which she did not have. These medical-malpractice or negligence allegations do not rest on a plausible violation of Plaintiff's federal rights and instead arise under state law. *See Peete v. Metro. Gov't of Nashville*, 486 F.3d 217, 222 (6th Cir. 2007) ("the plaintiff may be entitled to recovery under the state law of negligence, but improper medical treatment by a government employee, standing alone, does not violate the Fourth or Fourteenth Amendment."); *see also Daniels v Williams,* 474 U.S. 327, 335-36, 106 S.Ct. 662 (1986); *cf. Davis v. Sapp*, No. 99-5769, 2000 WL 572067, at *2 (6th Cir. 2000) ("A patient's disagreement with his physician over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable under § 1983.").

In addition, Plaintiff has failed to set forth any factual allegations capable of indicating the named-defendant hospitals are not private entities or committed some act under the color of state law. "Private individuals and companies do not act under color of state law." *Thomas v. Better Bus. Bureau,* 79 F. App'x 748 (6th Cir.2003) (citing *Lansing v. City of Memphis,* 202 F.3d 821, 828 (6th Cir. 2000)). Thus, the Complaint fails to raise a reasonable inference that either hospital can be considered a state actor or acted under the color of state law.

Accordingly, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §

1915(e)(2).

## **IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be dismissed under 28 U.S.C. § 1915(e)(2); and

2. The case be terminated on the Court's docket.


April 27, 2018                                                   *s/Sharon L. Ovington*
                                                                 Sharon L. Ovington
                                                                 United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **SEVENTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **SEVENTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).